### IN THE UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| | § | No. 08-36470 |
| Greens 126 LP | § | Chapter 11 |
| | § | Jointly Administered With |
| | § | No. 08-36471--Oaks 198, L.P |
| **DEBTOR(S)** | § | No. 08-36472--Trails 240, L.P. |
| | § | |

### AMENDED Affidavit of Proposed Attorney for Debtor Pursuant to Bankruptcy Code Sections 327 and 504 and Disclosure Statement Pursuant to Bankruptcy Rule 2016(b)

**The State of Texas** §
§
**County of Harris** §

Marjorie Payne Britt, being duly sworn, deposes and says:

1.     I am an attorney at law admitted to practice before the United States District Court for  the Southern District of Texas, and I am a principal in the law firm of Britt & Catrett, P.C., which maintains offices at 4615 S. W. Fwy., Suite 500, Houston, TX 77027.

2.     In compliance with the disclosure mandated by section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2016(b), Marjorie Payne Britt makes this statement setting forth the compensation paid or agreed to be paid to Marjorie Payne Britt and Britt & Catrett, P.C. for services rendered in contemplation of and in connection with this case and the source of such compensation.

To the best of their knowledge and belief, Marjorie Payne Britt  and Britt & Catrett, P.C. are disinterested and do not hold or represent any interest adverse to the Debtor's bankruptcy estate.  Moreover, Marjorie Payne Britt and Britt & Catrett, P.C. have no connections with the Debtor, creditors or any other party-in-interest, their

respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee other than their proposed representation in the bankruptcies of the three related entities, Greens 126, L.P.(case number 08-36470); Oaks 198 L.P. ( case number 08-36471) and Trails 240, L.P. ( case number 08-36472). To the best of the knowledge and belief of Marjorie Payne Britt and Britt & Catrett, P.C., these three entities are not adverse to one another. The three related entities filed their Chapter 11 cases on the same day, have largely the same creditors, the same ownership, and share the same general partner. They are all liable on the same mortgage loan payable to Legg Mason.

The three entities maintain separate bank accounts and separate books and records but are jointly managed, with purchases usually made jointly and divided proportionately among the entities. The three bankruptcies have been ordered jointly administered under case number 08-36470 by order dated October 8th, 2008.

3.    No promises have been received by the firm of Britt & Catrett, P.C., nor by any member, counsel, or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. The firm of Britt & Catrett, P.C. has no agreement with any other person or entity to share with such person or entity any compensation received or to be received by the firm of Britt & Catrett, P.C. that is prohibited.

4.    On October 7, 2008, the firm of Britt & Catrett, P.C. received a $8,961.00 retainer for services to be rendered and expenses to be incurred in connection with the filing (exclusive of the $1,039.00 filing fee) of Debtor's petition for relief under Chapter 11 of the Bankruptcy Code. The $10,000.00 total retainer received by the law firm of Britt & Catrett, P.C. from Debtor is reasonable in comparison with the volume and

nature of the undertakings by the firm of Britt & Catrett, P.C. in connection with this bankruptcy filing and undertaking to reorganize this Debtor's affairs.

5.     Debtor has agreed to pay additional amounts to the firm of Britt & Catrett, P.C. in the event its customary and reasonable fees and charges for services and expenses, as ultimately approved by this Court upon application, should exceed the retainer amount now on deposit with the firm of Britt & Catrett, P.C.  Such future payments are to be made by the Debtor with the expectation that the property of the estate of the Debtor will ultimately be allowed to be used to compensate the firm of Britt & Catrett, P.C. for any unpaid billings for service rendered and expenses incurred, pursuant to appropriate Orders of the Bankruptcy Court.

6.     For bankruptcy matters, the firm of Britt & Catrett, P.C. discloses that it agrees to charge and Debtor agrees to pay on a monthly basis, subject to final court approval in accordance with section 328(a) of the Bankruptcy Code, the firm of Britt & Catrett, P.C. its customary hourly rates and its customary reimbursements as charged to bankruptcy and non-bankruptcy clients. The present hourly rates charged by the firm are as follows:

| | |
|---|---|
| Marjorie Payne Britt | $300.00/hour |
| Michael L. Catrett | $195.00/hour |
| Legal Assistants | $ 65.00/hour |

The rates may change from time to time. The firm of Britt & Catrett, P.C. is customarily reimbursed for all expenses it incurs in connection with representation of a client in a given matter. Such expenses include, without limitation, filing fees, long distance telephone charges, express mail costs, special or hand delivery costs, copying costs, document processing costs, Lexis-Nexis charges, court fees, transcript costs

and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client.

7.     In return for the above-disclosed fees and agreements, Applicant has agreed to render general legal services to Debtor in this bankruptcy case, including, but not limited to filing, preparation of schedules and statement of affairs, handling of contested matters and adversary proceedings and the negotiation, proposal and confirmation of a Plan of Reorganization.

/s/Marjorie Payne Britt
Marjorie Payne Britt
Britt & Catrett, P.C.
**Proposed Attorney for Debtor**

## Certification

The undersigned certifies that the foregoing constitutes the statement of the firm of Marjorie Payne Britt and the firm of Britt & Catrett, P.C. pursuant to section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 (b) and is a complete statement of any agreement of arrangement for payment to Applicant for representation of La Strada, Inc. in this bankruptcy case.

/s/Marjorie Payne Britt
Marjorie Payne Britt


**State of Texas**          §
                            §
**County of Harris**        §

This instrument was acknowledged before me on this the 13th day of October, 2008, by Marjorie Payne Britt.


Notary Public Signature

CAROL ANN ERICSSON
Printed or Typed Name

My Commission expires: _____

CAROL ANN ERICSSON
Notary Public, State of Texas
My Commission Expires
April 01, 2012