IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Greens 126, L.P. | § | No. 08-36470 |
| Oaks 198, L.P. | § | No. 08-36471 |
| Trails 240, L.P. | § | No. 08-36472 |
| | § | Chapter 11 |
| | § | |
| **DEBTOR(S)** | § | Contested Matter |
| _____ | | |
| | § | |
| Greens 126, L.P. | § | |
| Oaks 198, L.P. | § | |
| Trails 240, L.P. | § | |
| | § | |
| **Movants** | § | |
| | | |
| vs. | § | |
| | § | |
| Legg Mason Real Estate Capital II, Inc | § | |
| | § | |
| **Respondent** | § | |

**DEBTOR'S EXPEDITED MOTION FOR ENTRY OF AGREED ORDER FOR USE OF CASH COLLATERAL, AND FOR RELATED RELIEF**

**BANKRUPTCY LOCAL RULE 4001 (b) [CASH COLLATERAL] NOTICE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOTFILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.  THERE WILL BE A HEARING ON THIS MOTION IF REQUESTED BY THE COURT, ON *to be set by the Court* AT _____  P.M.  IN  COURTROOM  _____,  BOB  CASEY  FEDERAL  BUILDING  AND**

**UNITED STATES COURT HOUSE AT 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

TO THE HONORABLE BANKRUPTCY JUDGE KAREN K. BROWN:

  COME NOW, Greens 126, L.P., Oaks 198, L.P., and Trails 240, L.P., Debtors in the above styled cases ("Debtors"), by and through their counsel, and file this Expedited Motion For Entry of An Agreed Order For Use of Cash Collateral And For Related Relief ("Motion") pursuant to 11 U.S.C. § 363 of the Bankruptcy Code, attached the order agreed to by the parties "Agreed Order", and in support of the Motion would show this Honorable Court as follows:

### I. Summary & Expedited Basis

1. Movant Debtors filed their separate Voluntary Petitions seeking protection from creditors pursuant to Chapter 11 of Title 11, United States Code ("Bankruptcy Code" or "Code"), on 10/06/2008. Debtors each own and operate separate apartment complexes having a physical business addresses at 5300, 5350 and 5454 West Gulf Bank Road, Houston, Texas 77088, respectively ("Businesses").

2. Movant Debtors' cases are to be jointly administered upon motion by Debtors and granted by the Court on 10/08/2008 (Case no. 08-36470, doc. #5).

3. Businesses have certain daily operating expenses requiring the use of cash collateral, and receive monthly operating income through rents and related sources, which constitute cash collateral, all as more fully described below. Businesses provide a number of services to the residents of the apartments through the employees of the businesses as well as other need including but not limited to utilities and maintenance (some of which may be needed on an emergency basis based on tenant needs). This Motion needs to be considered on an expedited basis.

## II. Jurisdiction & Venue

4. This entire contested matter is a core proceeding and the Court has jurisdiction hereof, relating to all issues set forth herein pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. § 1408 (1).

## III. Background & Facts

5. Debtors are the owners of Businesses and recipients of certain revenue and proceeds and will continue to create additional revenue from their operations ("Revenue") in the form of received rents and related types of income from the operation of their businesses. This revenue constitutes cash collateral.

6. Additionally, Debtors have incurred damage to their Businesses from a prior fire and from the recent Hurricane Ike. Insurance proceeds from the policies covering the Businesses likewise constitute cash collateral.

7. Legg Mason Real Estate Capital II, Inc. ("Creditor" or "Respondent") asserts a security interest in Debtors' rents, security deposits, insurance proceeds and other similar interest as well as the real estate of each of the separate apartment complexes owned by the individual Debtors because Debtors pledged both the real and personal property listed above as collateral to secure indebtedness of Debtors to Creditor. A full listing of real and personal property in which Respondent asserts a security interest is detailed in the Deed of Trust, Security Agreement and Financing Statement, dated January 25, 2007.

8. In order to be able to propose a plan of reorganization and remain in compliance with certain codes and statutes of the City of Houston and other governing entities, Debtors need to continue to operate their businesses of renting, providing utilities, and maintaining the apartments.

## IV. Relief Sought

9. Debtors presently do not have any short term alternative borrowing sources to fund continuing operations and to remain in Businesses, must be permitted to use the rents collected to pay its on-site manager, site employees, clerical staff, utilities, insurance premiums, as well as continue to maintain the facilities in compliance with applicable municipal codes and statutes.  Facilities maintenance includes costs for pending inspections required to maintain occupancy permits.

10. Debtors have projected their consolidated budget needs from the date of petition to confirmation of their individual Plans on a monthly basis for the three individual apartment complexes as shown in Exhibit "A" of the Agreed Order.

11. Debtors have additionally projected their consolidated budget needs from the date of petition to confirmation of their individual Plans for extraordinary expenses related to pending inspections and procedures for approval of the use of cash collateral as provided in the Agreed Order.

12. If Debtors do not obtain authorization to use the post-petition revenues, as requested, they may be required to terminate or curtail their operations, be subjected to penalties for municipal code violations, and lose critical personnel through non-payment which would be of substantial detriment and irreparable harm to all parties-in-interest in this proceeding, including but not limited to the Debtors' employees, Creditor, and unsecured creditors and other claimants.  Debtors' tenants are generally lower income and cannot easily nor quickly relocate from Debtors' apartments with incurring significant financial distress.

13. It is in the best interest of Debtors, their tenants, Creditor, and all their other creditors that the continued use of revenues (cash collateral) by Debtors be allowed. The

Budget which Debtors propose and the amount of cash collateral needed is detailed on Exhibit "B" attached hereto and incorporated herein for all purposes.

14. Debtors have given written notice of Motion to Respondent, and to those parties who filed requests for notice as of the date of the filing of Motion.

15. Debtors have Respondent's permission to use the cash collateral.

16. Debtors must use the cash collateral-revenues for its payroll, post-petition employment taxes related thereto, acquisition of supplies and materials for business operations, repairs, maintenance, utilities, office expense and payment of its post-petition obligations, all pending their reorganization.  Debtors' inability to utilize necessary cash collateral revenues will seriously jeopardize their reorganization attempts which are currently in progress, may impact the health and safety of their tenants, and unfairly prejudice the Debtors' unsecured creditors.

17. Respondent consents to the proposed use of cash collateral, subject to receiving replacement liens and other protections as provided in the Agreed Order.

18. Section 361 sets forth three non-exclusive examples of what may constitute adequate protection.  They include "providing the secured creditor with "additional or replacement liens" and other relief that provides the secured creditor with the "indubitable equivalent" of the secured creditor's interest in the cash collateral. Legislative history indicates that Congress intended to provide courts with flexibility to grant relief on a case-by-case basis.

19. Pursuant to the Motion, Debtors propose to grant the secured creditor replacement liens on post-petition accounts receivable as well as other guarantees as outlined in the Agreed Order, a recognized method for providing adequate protection as specified under 11 U.S.C. §§ 361 and 363.  This Motion does not modify or cancel other

security interests Respondent may have in Debtors' property as provided for under the security instrument.

20. The need for a formal Order from this Court, in the form of the attached Order to be effective as of the date of the granting by the Court, will now permit the continued use of cash collateral on a firm basis, which is acceptable to Debtors and is agreed to by Respondent.

15. Debtors request an immediate hearing be conducted regarding the Debtors' requested use of cash collateral.  This Motion requires expedited consideration in order to insure the continued operation of the Debtor and the provision of necessary services to the apartment tenants.  Without said authorization of cash collateral-revenues, Debtors' business will effectively be shut down, the value of the estate significantly compromised, and the potentially incurring of fines and other penalties for violation of municipal codes and statutes.  The proposed period for this Order is 90 days from the date of the granting of this Motion by the Court.

WHEREFORE, premises considered, Debtors pray they be authorized to use the cash collateral as requested herein or as may otherwise be agreed to effective as of the date of granting of this Motion by the Court, and that they have such other and further relief to which it may be entitled whether at law or in equity.

DATED: November 9, 2008

                                                Respectfully submitted,
                                                /s/ Michael Louis Catrett
                                                Michael Louis Catrett
                                                SBN 24049057
                                                ADM 589119
                                                Marjorie Payne Britt
                                                SBN 15659700
                                                ADM 3668

                    Britt & Catrett, P.C.
                    4615 SW Fwy Suite 500
                    Houston, TX 77027
                    (713) 666-0807
                    (713) 355-8382 (Fax)
                    **ATTORNEY FOR DEBTORS**

<u>Certificate of Service</u>

I hereby certify that a true and correct copy of the foregoing was served on this the 8th day of November 9, 2008, on the following persons and on the attached list by first class mail, postage prepaid or by electronic means:

Briana L. Cioni
Stutzman, Bromberg, Esserman & Plifka, P.C.
2323 Bryan St. Suite 2200
Dallas, TX  75201-2698

Ms. Christine March
Office of the United States Trustee
Federal Courthouse
515 Rusk St., 3rd Floor
Houston, TX  77002

                    /s/ Michael Louis Catrett
                      Michael Louis Catrett