IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:<br>Greens 126, L.P. *et al.*<br><br>**DEBTOR(S)**<br><br>Greens 126, L.P., *et al.*<br>  Movants<br>vs.<br>Legg Mason Real Estate Capital CDO II REO I, Inc<br>  **RESPONDENT** | § § § § § § § § § § § § § § § § | No. 08-36470<br>No. 08-36471<br>No. 08-36472<br>Chapter 11 |

**DEBTORS' EXPEDITED MOTION FOR ENTRY OF AGREED ORDER TO EXTEND USE OF CASH COLLATERAL**

**BANKRUPTCY LOCAL RULE 4001 (b) [CASH COLLATERAL] NOTICE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOTFILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY. THERE WILL BE A HEARING ON THIS MOTION IF REQUESTED BY THE COURT, ON** *to be set by the Court* **AT _____ P.M. IN COURTROOM _____, BOB CASEY FEDERAL BUILDING AND UNITED STATES COURT HOUSE AT 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

TO THE HONORABLE BANKRUPTCY JUDGE KAREN K. BROWN:

COME NOW, Greens 126, L.P., Oaks 198, L.P., and Trails 240, L.P., Debtors in the above styled cases ("Debtors"), by and through their counsel, and file this Expedited Motion For Entry of Agreed Order To Extend Use of Cash Collateral ("Motion") pursuant to 11 U.S.C. § 363 of the Bankruptcy Code, attached the order agreed to by the parties ("Agreed Order"), and in support of the Motion would show this Honorable Court as follows:

1. On October 6, 2008, Debtors filed their separate voluntary petitions, seeking relief under chapter 11 of the Bankruptcy Code.  Each Debtor operates an individual apartment complex in Houston, Texas.  The Court subsequently granted Debtors' motion for joint administration of the cases.

2. On November 10, 2008, the Court granted Debtors' Motion for Entry of Agreed Interim Order for Use of Cash Collateral ("Cash Collateral Order") (Case no. 08-36470, doc. #30), allowing Debtors, *inter alia*, to use the assets secured by a perfected security interest of Legg Mason Real Estate Capital CDO II REO I, Inc. ("Creditor") in the continued operation of their respective businesses.  (Case no. 08-36470, doc. #5).

3. The Cash Collateral Order was effective for 110 days following the date of the petition for relief which would set it to expire on or about January 24, 2009.

4. On January 6, 2009, Creditor filed its Motion for Relief from Stay (Case no. 08-36270, doc. #42) (the "Lift Stay Motion"), arguing, *inter alia,* that the value of its collateral had decreased to the point it is now undersecured.  Debtors dispute Creditor's assertion and each side has its own lengthy and detailed appraisals which both parties, in good faith, believe to be the correct appraisal of the properties' value.  The Motion for Relief from

Automatic Stay is set to be heard on February 11, 2009.

5. Despite their disagreement on the value of the collateral, both sides remain cordial and recognize that the Creditor wishes to protect its investment, Debtors wish to realize their profit on their investment, and there are families and individuals residing on the properties whose income may not support relocation.  In the spirit of this cordiality, cooperation and respect for their potentially opposing interests, Debtor and Creditor are requesting the Court to grant an extension of the existing Cash Collateral Order for a period to terminate upon the earlier of: (1) sixty (60) days from January 24, 2009; or (2) upon the Court's entry of an Order granting Creditor's Lift Stay Motion.  Debtors and Creditor believe this extension would be sufficient to allow the Court to consider and rule on Creditor's Motion For Relief From Automatic Stay.

6. Debtors and Creditor would request the Court extend the existing Cash Collateral Order but with the following modifications as incorporated into the Agreed Order attached to this Motion:

    (a)   The Cash Collateral Order would be extended for a period which will terminate upon the earlier of: (1) 60 days from January, 24, 2009 or (2) upon the Court's entry of an Order granting Creditor's Lift Stay Motion.

    (b)   The reporting dates for the Monthly Operating Report and Cash Collateral Report referred to in Paragraph 7 of Exhibit C -- Cash Management and Reporting Procedures -- attached to the Order, are modified from the 15th to the 20th of each month to bring them consistent with the Court's Scheduling Order (Case no. 08-36470, doc. #35).

    (c)   All other provisions not so modified would remain in effect.

7. Debtors believe this matter should be considered by the Court on an expedited basis.

The date for expiration of the current Cash Collateral Order is approaching and use of the cash collateral is necessary for Debtors to continue their businesses, including payment of utilities and other services required by the tenants of the apartments.  Service deterioration would be detrimental to maintaining occupancy levels and could result in citations by municipal authorities.

8. This entire matter is a core proceeding and the Court has jurisdiction hereof, relating to all issues set forth herein pursuant to 28 U.S.C. § § 1334(b) and 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. § 1408 (1).

WHEREFORE, premises considered, Debtors pray the Court grant their Motion to extend the existing Cash Collateral Order with the requested changes, and that they have such other and further relief to which it may be entitled whether at law or in equity.

DATED: January 20, 2009

    Respectfully submitted,
    /s/ Michael Louis Catrett
    Michael Louis Catrett
    SBN 24049057
    ADM 589119
    Marjorie Payne Britt
    SBN 15659700
    ADM 3668
    Britt & Catrett, P.C.
    4615 SW Fwy Suite 500
    Houston, TX 77027
    (713) 666-0807
    (713) 355-8382 (Fax)
    **ATTORNEY FOR DEBTORS**

<u>Certificate of Service</u>

I hereby certify that a true and correct copy of the foregoing was served on this the 20th day of January, 2009, on the following persons and on the attached list by first class

mail, postage prepaid or by electronic means:

    Briana L. Cioni
    Peter C.D'Aprice
    Jacob. L. Newton
    Stutzman, Bromberg, Esserman & Plifka, P.C.
    2323 Bryan St. Suite 2200
    Dallas, TX  75201-2698

    Ms. Christine March
    Office of the United States Trustee
    Federal Courthouse
    515 Rusk St., 3rd Floor
    Houston, TX  77002

                                       /s/ Michael Louis Catrett
                                       Michael Louis Catrett