IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| Greens 126 LP, *et al.*,<br>　**Debtor(s)** | § § § § § | No.  08-36470<br>Chapter 11<br><br>**(Jointly Administered)** |
| LMREC CDO II REO I, Inc.<br>　**Movant** | § § § § | |
| v. | § § § | |
| Greens 126 LP, *et al.*,<br>　**Respondents** | § § § § | |

**ANSWER TO MOTION OF LMREC CDO II REO I, Inc.
FOR RELIEF FROM AUTOMATIC STAY**

TO THE HONORABLE JUDGE OF SAID COURT:

　　COMES NOW, Greens 126 LP, *et al.,* Debtors ("Debtors") by and through their attorney, and files this Answer ("Answer") to Motion for Relief from Stay ("Motion") of LMREC CDO II REO I, Inc., ("Movant"), and would respectfully show the Court as follows:

1. Debtors do not have sufficient knowledge to admit or deny Paragraph 1 of Motion but to the extent a denial is required, Debtors deny.  Debtors would further clarify that what Movant describes as "desperate", Debtors would characterize as "effective."

2. Debtors admit the first portion of Paragraph 2 of Motion somewhat summarizes the Congressional purpose behind the single asset real estate debtor classification,

Debtors deny the implication of a "miracle" is required for the successful reorganization of a single asset real estate debtor under the Code. Debtors would also point out for the Court that Movant made the loan less than two years before the filing of this Motion under their apparent best business judgment of the Debtors' businesses being viable under the loan terms. Debtors admit the 90 day period was set to expire on January 7, 2009, but Debtors have met the adequate protection requirements of 11 U.S.C. §362(d)(3)(b) and are now under the standard time tables of a chapter 11 bankruptcy as per this Court's order dated 01/09/2009 (Case no. 08-36470, doc. #46). Debtors deny Movant's statement that little or no progress has been made towards a successful reorganization.

3. Debtors admit Movant was over-secured at the time of filing as stated in Paragraph 3 but deny the balance of Paragraph 3. Debtors contend Movant continues to be over-secured, and the appraisal obtained recently by Movant is self-serving. Debtors had selected a mortgage broker but Movant rejected the broker's contractual terms under the cash collateral order. Debtors would also state that although take-out financing is one option for their reorganization, Debtors believe there are other alternatives as well.

4. Debtors admit Paragraph 4 of Motion.
5. Debtors admit Paragraph 5 of Motion.
6. Debtors admit Paragraph 6 of Motion.
7. Debtors admit Paragraph 7 of Motion.
8. Debtors admit Paragraph 8 of Motion.
9. Debtors admit Paragraph 9 of Motion.
10. Debtors do not have sufficient knowledge to admit or deny Paragraph 10 of Motion

but to the extent a denial is required, Debtors deny.

11. Debtors do not have sufficient knowledge to admit or deny Paragraph 11 of Motion but to the extent a denial is required, Debtors deny.

12. Debtors do not have sufficient knowledge to admit or deny Paragraph 12 of Motion but to the extent a denial is required, Debtors deny.

13. Debtors do not have sufficient knowledge to admit or deny Paragraph 13 of Motion but to the extent a denial is required, Debtors deny.

14. Debtors do not have sufficient knowledge to admit or deny Paragraph 14 of Motion but to the extent a denial is required, Debtors deny.

15. Debtors do not have sufficient knowledge to admit or deny Paragraph 15 of Motion but to the extent a denial is required, Debtors deny.

16. Debtors do not have sufficient knowledge to admit or deny Paragraph 16 of Motion but to the extent a denial is required, Debtors deny.  Debtors admit their properties were set for foreclosure sale on October 7, 2008.

17. Debtors admit Paragraph 17 of Motion but feel the substitution of "effective" in place of "desperate" would be more appropriate as Debtors had exhausted all means for addressing the defaults, means which would have been typically effective with a more reasonable lender.

18. Debtors do not have sufficient knowledge to admit or deny Paragraph 18 but to the extent a denial is required, Debtors deny.  Debtors anticipate filing an objection to the claim of Movant based on Debtors' good faith belief that Movant's claim is not correct, has insufficient documentation, and includes charges not provided for in the contract.

19. Debtors admit Paragraph 19 of Motion.

20. Debtors admit Paragraph 20 of Motion.  Debtors Exhibits 1A, 1B and 1C (August 2008 property appraisals) bear out Debtors' valuations of property.  The below table summarizes Debtors August 2008 appraisal, Movant's December 2008 appraisal, and Movant's December 2006 appraisal.  Perhaps telling is Movant's declining to provide a "stabilized value" for December 2008, a value that would reflect Debtors' benefit of the deal after repair of hurricane and fire damage, and recovery of lost occupancies.

| Exhibit | Requestor | Date | "As Is" | "Stabilized" |
|---|---|---|---|---|
| 1 | Debtors | August 2008 | $15,151,000 | $18,435,000 |
| 2 | Movant | December 2008 | $8,700.000 | Not requested |
| 3 | Movant | December 2006 | $10,875,000 | $16,250,000 |

21. Debtors admit Paragraph 21 of Motion but would clarify by adding Debtors are upgrading their accounting by the hiring of Mike Jayson, CPA, and have since provided to Movant (or their agents) the required monthly operating reports and cash collateral reports through November 2008.

22. Debtors do not have sufficient knowledge to admit or deny paragraph 22 of Motion but to the extent a denial is required, Debtors deny.  Debtors deny property is diminishing in value and deny Movant is undersecured.

23. Paragraph 23 of Motion does not require an admission or denial as it is Movant's requested relief but to the extent a denial is required Debtors deny.  Debtors deny property is diminishing in value.

24. Debtors deny Paragraph 24 of Motion.  Debtors' August 2008 appraisal 2008

(Exhibits 1A, 1B, and 1C) shows Debtors have significant equity in the properties, similar and on the order of the equity shown by Creditor's appraisal when he extended the credit (Exhibits 3A, 3B and 3C). Additionally Debtors deny the properties are not necessary for a successful reorganization. Without the properties, there is no reorganization for Debtors.

25. Paragraph 25 of Motion does not require an admission or denial as it is Movant's legal argument but to the extent a denial is required Debtors deny.

26. Debtors admit Movant conducted a new appraisal in the later portion of 2008, but Debtors own appraisal is in the very close time frame. The two appraisals show conflicting results. Debtors believe their appraisal reflects the true market value of the properties, providing adequate protection of Movant through the equity buffer.

27. Debtors do not have sufficient knowledge to admit or deny Movant is the largest unsecured creditor in the case but to the extent a denial is required, Debtors deny. Debtors do not have sufficient knowledge to admit or deny the balance of Paragraph 27 but to the extent a denial is required, Debtors deny. Debtors suspect Movant's argument as the largest unsecured creditor is merely an artifact of their latest appraisal, showing them as unsecured.

28. Debtors deny Paragraph 28 of Motion. Debtors admit they believe their best reorganization scenario is take-out financing to remove Movant but deny that it is their only scenario and deny their reorganization plans are merely a "fantasy".

29. Debtors deny Paragraph 29 of Motion. Debtors believe Movant is premature in estimating probabilities of confirmation of scenarios that have not yet been proposed by Debtors.

30. Debtors deny Paragraph 30 of Motion.

31. An admission or denial of the first portion of Paragraph 31 of Motion is not required as it is Movant's restatement of the Code provisions but to the extent a denial is required, Debtors deny.  An admission or denial of the second portion of Paragraph 31 of Motion is not required as it is Movant's requested relief but to the extent a denial is required, Debtors deny.

32. Debtors' admit their scheduled property value in Paragraph 32 of Motion.  Debtors do not have sufficient knowledge to admit or deny the balance of Paragraph 32 of Motion but to the extent a denial is required, Debtors deny.  Debtors will state their appraisal of the properties done about two months prior to Movant's showed values consistent with Movant's December 2006 appraisal and Debtors believe their appraisal correctly reflects the properties' real market value.  Debtors deny values have deteriorated in the area, and believe they will show at hearing that Debtors' appraisal correctly reflect the properties' true value, not Movant's.  Debtors would direct the Court's attention to Exhibit 5, a recent article in the Business Section of The Houston Chronicle for Sunday, January 25, 2009, showing a mere drop of monthly occupancy rates of approximately 86.7% in August 2008 to 86.3% in December 2008, an increase in the average monthly rental rate from approximately $705 to $725 over the same period, and an approximately flat demand of 1,223 per month in the same period.  Review of the September 2008 data (the month used as Movant's occupancy basis) shows a drop in apartment demand not consistent with the data over the past year of -2,000 for September 2008 to whereas the typical average of the surrounding months was 1,220.  Debtors believe Movant's appraisal is self-serving and had it been based on more correct data, would show Debtors' correct equity in the property.

33. An admission or denial to Paragraph 33 of Motion is not required as it is Movant's statement of case law as Movant believes it to exist but to the extent a denial is required, Debtors deny. To the extent that Paragraph 33 of Motion seeks to imply Debtors' bankruptcy filing was for improper purposes, Debtors deny. Debtors own appraisals show significant equity in the properties.

34. Debtors admit Paragraph 34 of Motion to the extent the selected facts presented by Movant are accurate. However, Debtors would add they were facing an extremely aggressive creditor with complete power over their cash accounts, and although Movant seeks to disparage their business, apartment complexes, are by their very nature, primarily funded by their rent receipts, and by their nature, if properly operated, require little by way of by direct manpower for their operation. Most services are through contract.

35. Paragraph 35 does not require and admission or denial as it is Movant's legal argument but to the extent a denial is required, Debtors deny. Most certainly Debtors deny the implication that their good faith filing is no longer good faith because of a last minute appraisal by Movant, and would certainly state that the low incidence of unsecured creditors is a testament to their financial solvency and an implication that their current financial problems may be the result of an overly aggressive creditor.

36. Paragraph 36 of Motion does not require and admission or denial as it is Movant's legal argument but to the extent a denial is required, Debtors deny. Most certainly Movant's argument is directly hinged on their last-minute appraisal and whether their appraisal correctly represents the current market value of the property is a question of fact to be determined by the Court.

37. Paragraph 37 of Motion does not require an admission or denial as it is Movant's legal interpretation of 11 U.S.C. § 362(d)(3), but to the extent a denial is required, Debtors deny.  Debtors interpret § 362(d)(3) as an adequate protection provision for lenders to single asset real estate, and once that adequate protection is provided, the standard timelines provided for Chapter 11 bankruptcies then apply.

38. Paragraph 38 of Motion does not require an admission or denial as it continues Movant's legal interpretation of § 362(d)(3) but to the extent a denial is required, Debtors deny.

39. Debtors admit their progress towards the hiring of a mortgage broker professional is behind their original schedule but would plead that the delay is not totally their fault. Debtors had located a professional and forwarded his terms of employment to Movant for prior review, in accordance with the cash collateral agreement. However, Movant declined to approve the terms and consequently, Debtors have had to renew their search and valuation process for another suitable mortgage broker professional.  Although Movant makes a significant point of monthly "interest payments", Debtor would like to point to Paragraph 1(a)(ii) of Promissory Note (Exhibit 4) showing the terms of the loan agreement between Debtors and Movant are for interest only payments through February 1, 2010.

40. Paragraph 40 of Motion does not require an admission or denial as it is Movant's legal argument but to the extent a denial is required, Debtors deny.

### **DEBTORS' RESPONSIVE ARGUMENT TO MOVANT'S MOTION**

41. Debtors properties were appraised shortly before Movant's appraisal was performed.  Although Debtors admit a hurricane hit the region and Debtors' properties sustained damage, Debtors would argue that the effect of that damage is

offset by Debtors' insurance coverage. Debtors would also state they have business interruption insurance. Debtors' appraisals and Movant's prior appraisal shows significant equity in the properties. Regarding hurricane damage, Movant admits the significant offsets of present value by the insurance coverage. Movant would seek to argue that the properties have declined in value by approximately 50% in a few months, a figure not credible to anyone familiar with the Houston apartment market. Additionally, Debtors have been heavily involved in the area surrounding the properties to address issues ranging from crime to general appearance. Debtors' strong presence is an asset to an area serving lower income families. Debtors assert Movant is more than adequately secured and the motion to lift stay should be denied.

42. If, in the alternative, the Court feels that Debtors have not progressed their case at a rate sufficient rate, then Debtors would suggest to the Court that the appointment of a managing trustee under the Court's powers provided in 11 U.S.C. § 1104 is a more appropriate remedy. Although not favored by Debtors, it is preferable to the stay being lifted and foreclosure taking place. The managing trustee could continue to work the properties to bring the values to their stabilized estimates, and then sell the properties to allow Movant to recoup the maximum amount of their loan value and hopefully to allow the Debtors' owners to realize their investment.

WHEREFORE, Debtors pray this Court enter an order denying the Motion, or in the alternative, appoint a managing trustee for the bankruptcy estate, and Debtors be granted such other and further relief as is just.

Respectfully submitted,

By: /s/ Marjorie Payne Britt_____
MARJORIE PAYNE BRITT
Adm. #3668
State Bar No. 1569700
Britt & Catrett, P.C.
4615 Southwest Freeway, Ste. 500
Houston, TX  77027
Tel:  713.666.0807
Fax:  713.355.8382

**Table of Exhibits**

| No. | Description |
|---|---|
| 1A | Sept. 2008 - Trails Appraisal (Transmittal Letter) - Investments Properties Co. (appraiser); WMCI (commissioned by) |
| 1B | Sept. 2008 - Oaks Appraisal (Transmittal Letter) - Investments Properties Co. (appraiser); WMCI (commissioned by) |
| 1C | Sept. 2008 - Greens Appraisal (Transmittal Letter) - Investments Properties Co. (appraiser); WMCI (commissioned by) |
| 2A | Dec. 2008 - Trails Appraisal (Transmittal Letter) - Greenbriar Appraisal (appraiser); Briana Cioni (commissioned by) |
| 2B | Dec. 2008 - Oaks Appraisal (Transmittal Letter) - Greenbriar Appraisal (appraiser); Briana Cioni (commissioned by) |
| 2C | Dec. 2008 - Greens Appraisal (Transmittal Letter) - Greenbriar Appraisal (appraiser); Briana Cioni (commissioned by) |
| 3A | Dec. 2006 - Trails Appraisal (Transmittal Letter) - Greenbriar Appraisal (appraiser); Legg Mason (commissioned by) |
| 3B | Dec. 2006 - Oaks Appraisal (Transmittal Letter) - Greenbriar Appraisal (appraiser); Legg Mason (commissioned by) |
| 3C | Dec. 2006 - Greens Appraisal (Transmittal Letter) - Greenbriar Appraisal (appraiser); Legg Mason (commissioned by) |
| 4 | Excerpt from Promissory Note, dated January 25, 2007. |
| 5 | Excerpt from The Houston Chronicle, Business Section , January 25, 2009. |

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that a copy of the foregoing was mailed by first class mail, postage prepaid, or served by electronic means on the 26th day of January, 2009, to the parties shown on the attached list.

                 <u>/s/ Marjorie Payne Britt</u>
                 Marjorie Payne Britt


Greens 126 LP
8045 Antoine Drive #189
Houston, TX 77088

Christine March
Office of the United States Trustee
515 Rusk St. Suite 3516
Houston, TX 77002

Peter C. D'Apice
Jacob L. Newton
Briana L. Cioni
Stutzman, Bromberg, Esserman & Plifka, P.C.
2323 Bryan St, Suite 2200
Dallas, TX 75201-2689