Peter C. D'Apice
State Bar No. 05377783
Jacob L. Newton
State Bar No. 24046523
Briana L. Cioni
State Bar No. 24044161
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA**
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689
Phone:  (214) 969-4900
Facsimile:  (214) 969-4999

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| Green 126 LP, *et al.*, | § | Case No. 08-36470 |
| | § | |
| Debtors | § | **(Jointly Administered)** |
| | § | |
| | § | Hearing: February 11, 2009 |
| | § | 10:00am |

## REPLY TO ANSWER TO MOTION OF LMREC CDO II REO I, INC. FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE BANKRUPTCY JUDGE KAREN K. BROWN:

LMREC CDO II REO I, Inc. ("Legg Mason"), a secured creditor of Greens 126 LP, Oaks 198 LP and Trails 240 LP (collectively, the "Debtors"), Debtors in the above-referenced jointly administered cases (the "Bankruptcy Cases"), by and through its counsel of record, hereby files this Reply to Answer to Motion for Relief from Automatic Stay (the "Motion"), pursuant to 11 U.S.C. § 362, Fed. R. Bankr. P. 4001 and BLR 4001, and respectfully represents as follows:

1

## REPLY

Legg Mason post-petition conducted an appraisal of the Debtors' respective apartment buildings—the single asset in each bankruptcy case—which reveals that Legg Mason, the Debtors' largest secured creditor, is undersecured. If this Court finds that Legg Mason is in fact undersecured, the Court should lift the automatic stay to allow Legg Mason to exercise its rights pursuant to the Loan Documents[1], including Legg Mason's right to non-judicially foreclose on its collateral. As explained in detail in Legg Mason's Motion to Lift Stay, the stay should be lifted pursuant to 11 U.S.C. § 362(d)(2) as Debtors lack equity in the property and the property is not necessary to an effective reorganization as Debtors have no reasonable possibility of a successful reorganization within a reasonable time. *United Savings Assoc. of Texas v. Timber of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375 (1988). Contrary to what Debtors allege in their Answer, if the Court finds that Legg Mason is in fact undersecured, and accordingly there is no reasonable likelihood that the Debtors' will be able to successfully reorganize in a reasonable amount of time, the appointment of a Trustee is <u>not</u> an appropriate alternative to the lifting of the automatic stay in this case. While the Debtors allege that the appointment of a Trustee may "hopefully" allow the Debtors' owners "to realize their investment," the appointment of a Trustee is not in the <u>overall</u> best interest of the estate and therefore is not an appropriate remedy in lieu of lifting the automatic stay.

The appointment of a Trustee will naturally work to delay these bankruptcy proceedings as the Trustee will need time to get up to speed on the cases and educate himself on the Debtor's businesses and the various constituencies in the cases. This delay, presumably welcomed by Debtors who appear no closer to a successful

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to it in the Motion to Lift Stay.

reorganization now will be at the expense of Legg Mason. These cases are now pending and still without a proposed plan from the Debtors which Debtors received an extension to file such plan until no later than February 11, 2009, 120 days from the commencement of these cases on October 7, 2008. The Debtors have had ample time to propose a plan of reorganization or liquidation for review, but have failed to do so. They cannot simply attempt to buy more time by significantly further delaying the administration of these cases, by requesting the appointment of a Trustee.

Legg Mason will remain undersecured and prohibited from exercising its rights under the Loan Documents while the bankruptcy estates, whether managed by a Trustee or the Debtors, will be no closer to a successful reorganization in a reasonable amount of time. Indeed, Legg Mason will remain the largest secured and unsecured creditor able to block any such plan of reorganization. Moreover, the appointment of a Trustee will cost the estates a substantial amount of unnecessary administrative expenses (*i.e.*, Trustee's fees and the fees and expenses of and any such professionals the Trustee may choose to hire) that will likely have to be funded with Legg Mason's cash collateral. Thus, Legg Mason will directly bear the burden of the appointment of a Trustee while it remains undersecured. Consequently, the appointment of a Trustee is not an appropriate alternative to Legg Mason's relief from the automatic stay as such appointment is not in the best interest of the estate as a whole. While the appointment of a Trustee may indeed be in the best interest of equity, that is simply not the standard for appointing a Trustee— an extraordinary remedy to be utilized only if in the best interest of the estate as a whole[2].

---

[2] 11 U.S.C. § 1104(a)(2) states:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interst or the United States Trustee, and after

3

*See In re Sovereign Estates, Ltd.,* 104 B.R. 702, 704-705 (Bankr. E.D. Pa. 1989) ("The appointment of a Trustee in a Chapter 11 case is an extraordinary remedy and the party seeking the appointment bears the burden of proof. Furthermore … the legislative history underlying § 1104 indicates that the court 'may order the appointment [of a trustee] only if the protection afforded by a trustee is needed and the costs and expenses of a trustee would not be disproportionately higher than the value of the protection afforded.'" (internal citations omitted)). Accordingly, if this Court finds that Legg Mason is in fact undersecured, the automatic stay should be lifted to allow Legg Mason to exercises its rights under the Loan Documents and the Debtors' request for the appointment of a Trustee should be denied as it will only work to unfairly delay these bankruptcy proceedings and run up administrative expenses—for which Legg Mason will ultimately pay the price.

    The Debtors' bankruptcies are single asset real estate bankruptcy cases. Courts and Congress alike have previously recognized that single asset real estate bankruptcies lend themselves to abusing the reorganization provisions by languishing indefinitely in bankruptcy in order to prevent foreclosure and hoping for the real estate market to

---

    notice and a hearing, the court shall order the appointment of a trustee—
    (2) if such appointment is in the interests of creditors, any equity security holders, <u>and</u> other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor….

11 U.S.C. § 1104(a)(2) (emphasis added). As Collier on Bankruptcy notes:

> Use of the word "and" suggests that creditors cannot on their own obtain the appointment of a trustee under this provision in order to disenfranchise equity security holders or other interests. Instead, appointment of a trustee must be in the interest of the estate generally in order to satisfy the statutory "interest" standard.

COLLIER ON BANKRUPTCY 1104-16 through 1104-17 (Alan N. Resnick et al. eds., 15th ed., LexisNexis 1979, Supp. 2005). Likewise, the appointment of a Trustee cannot be based on the interests of equity alone without regard for the interests of Legg Mason as the primary secured creditor or of the unsecured creditors.

4

turnaround—all at the expense of the secured creditor.  As one judge described the unfair advantage that the automatic stay provides debtors over their secured creditors:

> The plans proposed in most of these [single asset real estate] cases attempt to buy a few year's delay in foreclosure in the hope that the real estate market will improve, shifting the risk of failure to the secured creditor, while trying to preserve the up-side potential for the equity holders.

Hon. Lisa Hill Fenning, *The Future of Chapter 11: One View from the Bench*, 650 PLI/COMM 317, 331 (1993).  While this delay tactic, which would be promoted by the appointment of a Trustee, may indeed be the only "hope" for the Debtors' owners to realize their investment, such strategy comes at an enormous cost to the secured creditor and should not be condoned by this Court.  The Debtors have had ample opportunity to reorganize, and their failure to make any progress in these bankruptcy cases should not operate to further prejudice Legg Mason's rights in its collateral.  Consequently, the stay should be lifted.

WHEREFORE, Legg Mason respectfully requests that this Court enter an order (i) lifting the automatic stay so as to allow Legg Mason to non-judicially foreclose on the Property and pursue such other rights and remedies that it may have under the Loan Documents and applicable law; and (ii) granting such other and further relief as may be just and proper.

Respectfully submitted on this 6th day of February 2009.

**STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,**
A Professional Corporation

By: _/s/ Briana L. Cioni_

Peter C. D'Apice
State Bar No. 05377783
Jacob L. Newton
State Bar No. 24046523
Briana L. Cioni
State Bar No. 24044161

2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689
Telephone: (214) 969-4900
Fax: (214) 969-4999

**Counsel for LMREC CDO II REO I, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via ECF on the 6th day of February 2009, and was served upon the parties listed below in the manner indicated on the 6th day of February 2009.

| | |
|---|---|
| Marjorie Payne Britt<br>Michael Catrett<br>Britt & Catrett, P.C.<br>4615 Southwest Freeway, Suite 500<br>Houston, TX 77027 | **VIA EMAIL AND FIRST CLASS MAIL POSTAGE PREPAID** |
| Greens 126 LP<br>Oaks 198 LP<br>Trails 240 LP<br>8045 Antoine Drive #189<br>Houston, TX 77088 | **VIA FIRST CLASS MAIL POSTAGE PREPAID** |
| Christine A March<br>Office of the US Trustee<br>515 Rusk St<br>Ste 3516<br>Houston, TX 77002 | **VIA FIRST CLASS MAIL POSTAGE PREPAID** |

                                                                                                                                              /s/ Briana L. Cioni
                                                                                                                                               Briana L. Cioni