IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| Green 126 LP, *et al.*, | § | Case No. 08-36470 |
| | § | |
| Debtors | § | **(Jointly Administered)** |
| | § | |

JOINT MOTION OF DEBTORS AND LMREC CDO II REO I, INC.
FOR ORDER APPROVING SETTLEMENT AGREEMENT
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Greens 126 LP, Oaks 198 LP and Trails 240 LP (collectively, the "Debtors"), Debtors in the above-referenced jointly administered cases (the "Bankruptcy Cases"), and LMREC CDO II REO I, Inc. ("Legg Mason"), a secured creditor of Debtors, hereby files this Joint Motion for Order Approving Settlement Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "9019 Motion"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and respectfully represents as follows:

**BACKGROUND**

1. On October 7, 2008 (the "Petition Date"), in order to prevent foreclosure, Debtors each filed their separate voluntary petitions seeking protection from creditors pursuant to Chapter 11 of Title 11, United States Code ("Bankruptcy Code" or "Code"). The Debtors' jointly administered bankruptcy cases are each single asset real estate cases as defined by 11 U.S.C. § 101(51B).

2. Debtors each own and operate separate apartment complexes having physical business addresses at 5300, 5350 and 5454 West Gulf Bank Road, Houston, Texas 77088 (the "Property").

3. Debtors and Legg Mason Real Estate Capital II, Inc. entered into a certain mortgage loan as evidenced by that certain Promissory Note (the "Note") in the principal amount of $11,000,000, executed by the Debtors in favor of LMREI, as subsequently assigned to Legg Mason, dated as of January 25, 2007.

4. The Note is secured by virtually all of the Debtors assets including, *inter alia*, the Property, all rents, security deposits and insurance proceeds, as evidenced in the Deed of Trust, Security Agreement and Financing Statement, dated as of January 25, 2007, and the Assignment of Lease and Rents, dated as of January 25, 2007. Both the Deed of Trust and the Assignment of Rents were recorded against certain real property located at 5454 West Gulf Bank, Houston, Texas, 77088, 5350 West Gulf Bank, Houston, TX 77088 and 5300 Gulf Bank, Houston, Texas 77088 (collectively, the "Property") on February 6, 2007, with the County Clerk of Harris County, Texas, as respective Document Nos. 20070075436 and 20070075437. Legg Mason's security interest in the rents is also evidenced by the Assignment of Rents and the UCC Financing Statements, filed with the Texas Secretary of State on January 31, 2007, file Nos. 07-

0003557986, 07-0003557764 and 07-0003557875, and as amended by file Nos. 07-00058876, 07-00058872 and 07-00058874 filed on February 21, 2007 (the "UCC Financing Statements").

5.     Debtors and Legg Mason entered into an agreed cash collateral order (the "Cash Collateral Order"), which was entered by this Court on November 10, 2008.  The Cash Collateral Order was extended by Order entered on January 22, 2009, which is currently set to expire on or before March 25, 2009.

6.     On January 6, 2009, Legg Mason filed its Motion for Relief from Stay (the "Lift Stay Motion") asserting, *inter alia*, its belief that it is undersecured and accordingly the Debtors have no reasonable likelihood of reorganizing and accordingly the automatic stay should be lifted to allow Legg Mason to non-judicially foreclose on the Property.

7.     On January 26, 2009, Debtors filed their Answer to Legg Mason's Motion for Relief from Stay asserting, *inter alia,* that Legg Mason is oversecured and Debtors have a reasonable likelihood of reorganizing and accordingly Legg Mason's Lift Stay Motion should be denied.

8.     Debtors and Legg Mason wish to continue, and ultimately resolve, Legg Mason's Motion to Lift Stay pursuant to the terms agreed upon in the Settlement Agreement, attached hereto as **Exhibit A**.

## JURISDICTION

9.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## REQUEST FOR RELIEF

10.    As a result of negotiations between the Debtors and Legg Mason (collectively, the "Parties"), the Parties have reached an agreement as to the ultimate resolution of Legg Mason's

Motion to Lift Stay and such agreement is attached hereto as <u>Exhibit A</u>.  The Parties believe the Settlement Agreement is in the best interest of the estate and creditors and respectfully requests this court to enter an order approving the Settlement Agreement.

## THE PROPOSED SETTLEMENT

11.     The Debtors and Legg Mason have agreed, subject to this Court's approval, to continue, and ultimately resolve, Legg Mason's Lift Stay Motion on the terms provided for in the Settlement Agreement.  The Settlement Agreement provides, *inter alia,* firm deadlines for the Debtors to file a confirmable Plan of Reorganization—on or before July 31, 2009— and a firm deadline whereby such Plan must be confirmed—on or before September 30, 2009, as discussed in more detail in the Settlement Agreement.  If the Debtors do not adhere to these deadlines and no Plan has been filed by July 31, 2009 and no Plan has been confirmed by September 30, 2009, as discussed in more detail in the Settlement Agreement, the Debtors consent to the relief requested in Legg Mason's Lift Stay Motion and the Court may enter the Agreed Order Lifting the Automatic Stay without the need for a hearing on such Motion.  In consideration for the Debtors adhering to these firm deadlines, the Parties have agreed that Legg Mason's Lift Stay Motion will be continued, subject to the firm deadlines and other various terms as explained in more detail in the Settlement Agreement, to allow Debtors until July 31, 2009—155 additional days—to formulate and file a confirmable Plan of Reorganization, and until September 30, 2009 to obtain confirmation of such Plan. The parties have further agreed that until the effective date of a confirmed Plan of Reorganization, or the automatic stay has been lifted pursuant to the terms of the Settlement Agreement, the Debtors will continue to make their monthly payments to Legg Mason pursuant to 11 U.S.C. § 363(d)(3)(B) and the terms of the Settlement Agreement (the "Monthly Payments") and will continue to adhere to the Cash Collateral Order currently in place,

and as extended pursuant to the Settlement Agreement. The Parties also have agreed that should Debtors fail to make their required Monthly Payments, or Debtors default on the Cash Collateral Order, Legg Mason may file a motion requesting this Court, upon 20 days notice and a hearing, to deem that a default of the Settlement Agreement has occurred. Upon such hearing on the default issue and entry of an order declaring a default of the Settlement Agreement, the Court, without the need for a further hearing on the lift stay issues, may enter the Agreed Order Lifting the Automatic Stay.

## ARGUMENTS AND AUTHORITIES

12. Bankruptcy Rule 9019 governs the approval of compromises and settlements. In passing on a compromise or settlement, the Court should consider: (1) the probability of success in litigation, with due consideration for uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise. *See In re Cajun Elec. Power Coop., Inc.,* 119 F.3d 349, 356 (5th Cir. 1997); *In re Jackson Brewing Company,* 624 F.2d 605, 607 (5th Cir. 1980) (*citing Protection Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-425 (1968)).

13. The Settlement Agreement that the Debtors and Legg Mason have agreed to satisfies this standard. The Settlement Agreement enables the Debtors and the Debtors' estate to (1) avoid the uncertain outcome in defending against Legg Mason's Motion to Lift Stay; (2) avoid the cost, expense, inconvenience and delay attendant in litigating Legg Mason's Motion to Lift Stay; and (3) allows the Debtors an additional 155 days to formulate a plan of reorganization that will be in the best interest of the estates and creditors. Thus, the Parties believe that the Settlement Agreement is fair and reasonable under the circumstances.

**JOINT MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**– Page 5

14. With regard to the factors articulated in *Jackson Brewing:* (a) the Parties believe that the Settlement Agreement is in the best interest of the estates and creditors as such agreement avoids the incurrence of professional fees and expenses inherent in litigating the highly contested Lift Stay Motion and avoids the uncertain outcome on such Motion; and (b) provides firm, but reasonable, deadlines for the Debtors to formulate a Plan of Reorganization that will maximize the return for all creditors while preventing the Debtors from languishing in bankruptcy indefinitely; and (c) the Settlement Agreement is the product of arms'-length bargaining between the Debtors and Legg Mason and is not the product of fraud or collusion. Thus, the Parties believe that the Settlement Agreement is in the best interests of the Debtors, the estate, Legg Mason and all other creditors and parties in interest. Accordingly, the Settlement Agreement should be approved.

WHEREFORE, the Parties respectfully requests that the Court enter an order granting the relief requested herein, approving the Settlement Agreement, and such other and further relief as is just and proper.

Dated February 26, 2009

**BRITT & CATRETT, P.C.**

By:   /s/Marjorie Britt
Marjorie Britt
Michael Louis Catrett
ADM 589119
SBN 24049057
Britt & Catrett, P.C.
4615 SW Fwy, Suite 500
Houston, TX 77027
713-666-0807
713-355-8382 (fax)

**COUNSEL FOR THE DEBTORS**

-AND-

**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,**

A Professional Corporation

By:  /s/Briana L. Cioni

    Peter C. D'Apice
    State Bar No. 05377783
    Briana L. Cioni
    State Bar No. 24044161

2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689
Telephone:  (214) 969-4900
Fax: (214) 969-4999

**ATTORNEYS FOR LEGG MASON**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all persons on the Service List filed as an attachment hereto via first class mail, postage prepaid, on the 26th day of February 2009.

                                                 */s/ Briana L. Cioni*
                                                 Briana L. Cioni