IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| Green 126 LP, *et al.*, | § | Case No. 08-36470 |
| | § | |
| Debtors | § | **(Jointly Administered)** |
| | § | |

### SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") is entered into between Greens 126 LP, Oaks 198 LP and Trails 240 LP (collectively, the "Debtors"), Debtors in the above-referenced jointly administered cases (the "Bankruptcy Cases"), and LMREC CDO II REO I, Inc. ("Legg Mason") (Debtors and Legg Mason collectively, the "Parties").

### RECITALS

WHEREAS, on October 7, 2008 (the "Petition Date"), in order to prevent foreclosure, Debtors each filed their separate voluntary petitions seeking protection from creditors pursuant to Chapter 11 of Title 11, United States Code ("Bankruptcy Code" or "Code").  The Debtors' jointly administered bankruptcy cases are each single asset real estate cases as defined by 11 U.S.C. § 101(51B); and

WHEREAS, Debtors each own and operate separate apartment complexes having physical business addresses at 5300, 5350 and 5454 West Gulf Bank Road, Houston, Texas  77088 (the "Property"); and

WHEREAS, Debtors and Legg Mason Real Estate Capital II, Inc. entered into a certain mortgage loan as evidenced by that certain Promissory Note (the "Note") in the principal amount of $11,000,000, executed by the Debtors in favor of LMREI, as subsequently assigned to Legg Mason, dated as of January 25, 2007; and

WHEREAS, the Note is secured by virtually all of the Debtors assets including, *inter alia*, the Property, all rents, security deposits and insurance proceeds, as evidenced in the Deed of Trust, Security Agreement and Financing Statement, dated as of January 25, 2007, and the Assignment of Lease and Rents, dated as of January 25, 2007.  Both the Deed of Trust and the Assignment of Rents were recorded against certain real property located at 5454 West Gulf Bank, Houston, Texas, 77088, 5350 West Gulf Bank, Houston, TX  77088 and 5300 Gulf Bank, Houston, Texas  77088 (collectively, the "Property") on February 6, 2007, with the County Clerk of Harris County, Texas, as respective Document Nos. 20070075436 and 20070075437.  Legg Mason's security interest in the rents is also evidenced by the Assignment of Rents and the UCC Financing Statements, filed with the Texas Secretary of State on January 31, 2007, file Nos. 07-

1

0003557986, 07-0003557764 and 07-0003557875, and as amended by file Nos. 07-00058876, 07-00058872 and 07-00058874 filed on February 21, 2007 (the "UCC Financing Statements"); and

WHEREAS, Debtors and Legg Mason entered into an agreed cash collateral order (the "Cash Collateral Order"), which was entered by this Court on November 10, 2008. The Cash Collateral Order was extended by Order entered on January 22, 2009, which is currently set to expire on or before March 25, 2009; and

WHEREAS, on January 6, 2009, Legg Mason filed its Motion for Relief from Stay (the "Lift Stay Motion") asserting, *inter alia*, its belief that it is undersecured and accordingly the Debtors have no reasonable likelihood of reorganizing and consequently the automatic stay should be lifted to allow Legg Mason to non-judicially foreclose on the Property; and

WHEREAS, on January 26, 2009, Debtors filed their Answer to Legg Mason's Motion for Relief from Stay asserting, *inter alia,* that Legg Mason is oversecured and Debtors have a reasonable likelihood of reorganizing and accordingly Legg Mason's Lift Stay Motion should be denied.

WHEREAS, the Court, at the Preliminary Hearing on the Lift Stay Motion held on February 11, 2009 at 10:00am, scheduled the Lift Stay Motion for a final evidentiary hearing to be held on March 5, 2009 at 9:30am.

NOW, THEREFORE, in consideration of the mutual covenants set forth below and intending to be legally bound hereby, the Debtors and Legg Mason agree as follows:

**AGREEMENT**

Legg Mason agrees to continue its Lift Stay Motion provided that:

1. Debtors must file a plan confirmable under the United States Bankruptcy Code and Federal Rules of Bankruptcy Procedure no later than 5:00 p.m. Central Time, July 31, 2009.  If Debtors fail to file a Plan of Reorganization on or before July 31, 2009, Debtors consent to the relief requested in Legg Mason's Lift Stay Motion, without the need for a hearing on such Motion, and consent to the entry of the Agreed Order Lifting the Automatic Stay attached hereto as **Exhibit A** and Legg Mason may immediately upload and the Court may immediately enter such Agreed Order Lifting the Automatic Stay as provided for herein.

2. Simultaneous with the Debtors filing of a confirmable Plan of Reorganization, Debtors must file with the Court a formal request, on behalf of both Debtors and Legg Mason, for the Court to hold the Disclosure Statement hearing and Confirmation hearing as expeditiously as possible, or enter an agreed confirmation scheduling order if one is agreed to between Debtors and Legg

      Mason, and requesting the Court to rule as expeditiously as possible on the confirmability of any such Plan of Reorganization filed.

3. Legg Mason has the right to object to any Plan of Reorganization filed by the Debtors, or any other plan proponent, on any ground and Debtors have the right to defend such Plan of Reorganization at the corresponding Disclosure Statement hearing and Confirmation hearing.

4. The Confirmation hearing must be held no later than September 30, 2009.

5. If a Plan of Reorganization has not been confirmed in these Bankruptcy Cases on or before September 30, 2009—with the only exceptions being the Court, after already having commenced the Confirmation hearing, taking under advisement whether the Plan of Reorganization should be confirmed, or the Court, *sua sponte,* continues the Confirmation hearing to a date after September 30, 2009—Debtors consent to the relief requested in Legg Mason's Lift Stay Motion, without the need for a hearing on such Motion, and consent to the entry of the Agreed Order Lifting the Automatic Stay attached hereto as **Exhibit A** and Legg Mason may immediately upload and the Court may immediately enter such Agreed Order Lifting the Automatic Stay as provided for herein.

6. Debtors will continue making monthly payments to Legg Mason pursuant to 11 U.S.C. § 363(d)(3)(B) until the earlier of: (1) the effective date of a confirmed Plan of Reorganization, or (2) the entry of the Agreed Order Lifting the Automatic Stay as provided for herein. If Debtors fail to make their monthly payments under 11 U.S.C. § 362(d)(3)(B) and this Agreement, Legg Mason has the right to file a motion with the Court requesting the Court, upon 20 days notice and a hearing, to immediately enter an order, substantially in the form attached hereto as **Exhibit B**, finding that a default in the Agreement has occurred. Debtors may "cure" any such default by making the required monthly payment at any time up until the hearing. If the Debtors fail to "cure" such default and the Court enters an Order finding that such a default has occurred, Debtors hereby consent to the relief requested in Legg Mason's Lift Stay Motion, without the need for a hearing on such Motion, and consent to the entry of the Agreed Order Lifting the Automatic Stay attached hereto as **Exhibit A** and Legg Mason may immediately upload and the Court may immediately enter such Agreed Order Lifting the Automatic Stay as provided for herein.

7. Debtors will continue to abide by the terms of the agreed Cash Collateral Order until the earlier of: (1) the effective date of a confirmed Plan of Reorganization, or (2) the entry of the Agreed Order Lifting the Automatic Stay as provided for herein. If an Event of Default, as defined in the Cash Collateral Order, occurs thereby terminating the Cash Collateral Order, Legg Mason has the right to file a motion with the Court requesting the Court, upon

        20 days notice and a hearing, to immediately enter an order, substantially in the form attached hereto as **Exhibit B**, finding that a default in the Agreement has occurred.  Debtors may "cure" any such default at any time up until the hearing.  If the Debtors fail to "cure" such default and the Court enters an Order finding that such a default has occurred, Debtors hereby consent to the relief requested in Legg Mason's Lift Stay Motion, without the need for a hearing on such Motion, and consent of the entry of the Agreed Order Lifting the Automatic Stay attached hereto as **Exhibit A** and  Legg Mason may immediately upload and the Court may immediately enter such Agreed Order Lifting the Automatic Stay as provided for herein.

8. Legg Mason agrees to continue its Lift Stay Motion for an indefinite amount of time to be resolved as provided for herein; however, Legg Mason shall retain all other rights and remedies available to it pursuant to the Bankruptcy Code or any other applicable law.

9. This Agreement may not be modified by the Parties except by written instrument, signed by all Parties, expressly stating the nature of the modification agreed upon.

10. No provision in this Agreement is to be interpreted for or against either party because that party or that party's legal representative drafted the provision.

11. This Agreement is subject to Bankruptcy Court approval, and the Debtors agree to file a motion seeking such approval as soon as possible after receiving the executed Agreement from Legg Mason.

Hereby Agreed to on this 26th February, 2009

**GREENS 126 LP, OAKS 198 LP AND TRIALS 240 LP**

By: /s/ Andrew Zel  
Name: Andrew Zel  
Title: Project Manager

**-AND-**

**LMREC CDO II REO I, INC.**

By: /s/ Wallace O. Sellers  
Name: Wallace O. Sellers  
Tittle: Director