IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| Green 126 LP, *et al.*, | § | Case No. 08-36470 |
| | § | |
| Debtors | § | **(Jointly Administered)** |

## AGREED ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY

CAME ON FOR CONSIDERATION the Motion for Relief from Automatic Stay (the "Motion") filed by LMREC CDO II REO I, Inc. ("Legg Mason"), a secured creditor of Greens 126 LP, Oaks 198 LP and Trails 240 LP (collectively, the "Debtors"), Debtors in the above-referenced jointly administered cases (the "Bankruptcy Cases"), and it is hereby found and determined that

A. October 7, 2008 (the "Petition Date"), in order to prevent foreclosure, Debtors each filed their separate voluntary petitions seeking protection from creditors pursuant to Chapter 11 of Title 11, United States Code ("Bankruptcy Code" or "Code"). The Debtors' jointly administered bankruptcy cases are each single asset real estate cases as defined by 11 U.S.C. § 101(51B); and

B. Debtors each own and operate separate apartment complexes having a physical business addresses at 5300, 5350 and 5454 West Gulf Bank Road, Houston, Texas 77088 (the "Property"); and

C. Debtors and Legg Mason Real Estate Capital II, Inc. entered into a certain mortgage loan as evidenced by that certain Promissory Note (the "Note") in the principal amount of $11,000,000, executed by the Debtors in favor of LMREI, as subsequently assigned to Legg Mason, dated as of January 25, 2007; and

D.   The Note is secured by virtually all of the Debtors assets including, *inter alia*, the Property, all rents, security deposits and insurance proceeds, as evidenced in the Deed of Trust, Security Agreement and Financing Statement, dated as of January 25, 2007, and the Assignment of Lease and Rents, dated as of January 25, 2007.  Both the Deed of Trust and the Assignment of Rents were recorded against certain real property located at 5454 West Gulf Bank, Houston, Texas, 77088, 5350 West Gulf Bank, Houston, TX  77088 and 5300 Gulf Bank, Houston, Texas 77088 (collectively, the "Property") on February 6, 2007, with the County Clerk of Harris County, Texas, as respective Document Nos. 20070075436 and 20070075437.  Legg Mason's security interest in the rents is also evidenced by the Assignment of Rents and the UCC Financing Statements, filed with the Texas Secretary of State on January 31, 2007, file Nos. 07-0003557986, 07-0003557764 and 07-0003557875, and as amended by file Nos. 07-00058876, 07-00058872 and 07-00058874 filed on February 21, 2007 (the "UCC Financing Statements"); and

E.   Debtors and Legg Mason entered into an agreed cash collateral order (the "Cash Collateral Order"), which was entered by this Court on November 10, 2008.  The Cash Collateral Order was extended by Order entered on January 22, 2009, which is currently set to expire on or before March 25, 2009; and

F.   On January 6, 2009, Legg Mason filed its Motion for Relief from Stay (the "Lift Stay Motion") asserting, *inter alia*, its belief that it is undersecured and accordingly the Debtors have no reasonable likelihood of reorganizing and consequently the automatic stay should be lifted to allow Legg Mason to non-judicially foreclose on the Property; and

G. On January 26, 2009, Debtors filed their Answer to Legg Mason's Motion for Relief from Stay asserting, *inter alia,* that Legg Mason is oversecured and Debtors have a reasonable likelihood of reorganizing and accordingly Legg Mason's Lift Stay Motion should be denied; and

H. On February 26, 2009, Debtors and Legg Mason entered into a Settlement Agreement, which was approved by this Court (the "Settlement Agreement") whereby Legg Mason agreed to continue its Lift Stay Motion provided Debtors adhere to the terms provided for therein; and

I. Debtors have defaulted on the terms of the Settlement Agreement and have agreed that, upon such default, to the relief set forth in this Order.

Based upon the foregoing conclusions; and due and proper notice of the Motion to Lift Stay having been given; and it appearing that sufficient cause exists for granting the requested relief in lift of the Settlement Agreement; and it appearing that the relief requested is in the best interests of the Debtor's estate and creditors; and after due deliberation and cause appearing therefore; it is hereby

**ORDERED**, the automatic stay is hereby lifted as to Legg Mason and Legg Mason is authorized and allowed to non-judicially foreclose on the Property (as defined in the "Motion") and pursue such other rights and remedies that it may have under the Loan Documents (as defined in the "Motion").

**DATED** _____

_____
**KAREN K. BROWN**
**UNITED STATES BANKRUPTCY JUDGE**

**AGREED TO AND ACCEPTED:**

**STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,**
A Professional Corporation

By: _/s/ Briana L. Cioni_
Steven Felsenthal
State Bar No. 06889900
Peter C. D'Apice
State Bar No. 05377783
Briana L. Cioni
State Bar No. 24044161

2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689
Telephone: (214) 969-4900
Fax: (214) 969-4999

**COUNSEL FOR LEGG MASON**

**-AND-**

**BRITT & CATRETT, P.C.**

By: _/s/Michael Louis Catrett_
Marjorie Britt
Michael Louis Catrett
ADM 589119
SBN 24049057
Britt & Catrett, P.C.
4615 SW Fwy, Suite 500
Houston, TX 77027
713-666-0807
713-355-8382 (fax)

**COUNSEL FOR THE DEBTORS**