Peter C. D'Apice
State Bar No. 05377783
Cliff I. Taylor
State Bar No. 24042007
Briana L. Cioni
State Bar No. 24044161
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA**
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689
Phone:  (214) 969-4900
Facsimile:  (214) 969-4999

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| Greens 126 LP, *et al.*, | § | Case No. 08-36470 |
| | § | |
| Debtors | § | **(Jointly Administered)** |
| | § | |
| | § | Hearing: September 4, 2009 |

## OBJECTION TO DEBTORS' AMENDED MOTION REQUESTING AMENDED ORDER AND NOTICE FOR HEARING ON DISCLOSURE STATEMENT

TO THE HONORABLE BANKRUPTCY JUDGE KAREN K. BROWN:

LMREC CDO II REO I, Inc. ("LMREC"), a secured creditor of Greens 126 LP, Oaks 198 LP, and Trails 240 LP (collectively, the "Debtors"), Debtors in the above-referenced jointly administered cases (the "Bankruptcy Cases"), by and through its counsel of record, hereby files this Objection to Debtors' Amended Motion Requesting Amended Order and Notice for Hearing on

1

Disclosure Statement (the "Objection"), and respectfully represents as follows:

**OBJECTION**

In their Amended Motion Requesting Amended Order and Notice for Hearing on Disclosure Statement (the "Rescheduling Motion"), the Debtors suggest that this Court reschedule the hearing on the Debtors' Joint Disclosure Statement[1] and respective Plans[2] concurrently. Although, LMREC does not object to this Court's rescheduling of the hearing on the Joint Disclosure Statement, the Court should *not* schedule the Joint Disclosure Statement hearing concurrently with the hearing on plan confirmation.

As discussed in LMREC's Objection to Debtors' Joint Disclosure Statement in the Bankruptcy Cases of Greens 126, LP, Oaks 198 LP, and Trails 240 LP Dated July 28, 2009 (the "Disclosure Objection"), the Debtors' Joint Disclosure Statement is wholly inadequate. The Joint Disclosure Statement does not provide creditors with sufficient information to make an intelligent and informed decision as to whether they should accept or reject the Plans. Debtors' assertion that they "do not anticipate difficulties with revisions to the Disclosure Statement to bring it in line with concerns of any

---

[1] Debtors filed their Disclosure Statement in the Bankruptcy case of Greens 126, L.P., Oaks 198 L.P. and Trails 240, L.P. Dated July 28, 2009 [Docket No. 100] (the "Joint Disclosure Statement") on July 28, 2009.

[2] On July 28, 2009, each of the Debtors filed substantially identical plans of reorganization [Dkt. Nos. 96, 97, 99] (the Greens Plan, Oaks Plan and Trails Plan collectively referred to as, the "Plans").

commenting parties," underestimates the fundamental and substantial inadequacies of the disclosures (and lack of disclosure) found in the Joint Disclosure Statement (*See* Motion at ¶ 6).  The Debtors should not be allowed to solicit votes based on a disclosure statement that is incomplete, misleading and insufficient.

Furthermore, the Plans' are patently unconfirmable as a matter of law, and do not warrant the time and expense of soliciting votes.  Further, LMREC points out that its cash collateral is being used to fund these bankruptcy proceedings and wholly objects to the use of its cash collateral in connection with a confirmation hearing based on a disclosure statement that is wholly inadequate and a patently unconfirmable plan.  LMREC will object to confirmation of the Plans as they are drafted, and is entitled to adequate time to conduct discovery in connection with confirmation, should the Debtors get that far.  Thus, LMREC requests a scheduling order that provides LMREC with sufficient time to conduct discovery, including taking despositions of Debtors' accountant, Michael Jayson, and a representative of the Debtors.

Finally, Debtors suggest that the fact that pursuant to the Settlement Agreement[3]  entered into between the parties which imposed a July 31, 2009 deadline to file a confirmable plan and a September 30, 2009 deadline to

---

[3] *See* Settlement Agreement (the "Settlement Agreement") attached as Exhibit A to the Joint Motion of Debtors and LMREC CDO II REO I, Inc. for Order Approving Settlement Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019 (Docket No. 69) (the "9019 Motion").

confirm such plan (with limited exceptions)[4] warrants holding the Disclosure Statement hearing concurrently with the Confirmatin Hearing in order to facilitate Debtors meeting their September 30, 2009 deadline.

LMREC would like to bring to this Court's attention the fact that Debtors and LMREC entered into the Settlement Agreement no later than February 26, 2009, the date that LMREC and Debtors filed 9019 Motion which was subsequently approved by this Court by Order entered on March 18, 2009 (Docket No. 77).  Thus, Debtors had over 5 months to create and file an adequate disclosure statement and confirmable plan yet Debtors waited until 3 days before their July 31, 2009 deadline to file the Joint Disclosure Statement which is woefully inadquate and the Plans which are patently unconfirmable.  Debtors, having had 5 months to focus on the development of a confirmable plan and the drafting of an adequate disclsoure statement, cannot now complain that they have insufficient time to address the numerous substantive issues in their Joint Disclosure Statement in order to see their Plans to confirmation by September 30, 2009.  The Debtors had more than enough time to prepare a meaningful Disclosure Statement and to seek approval of such Disclosure Statement in a timeframe that would allow them to commence a confirmation hearing no later than September 30, 2009.

Accordingly, the Court should *not* schedule the Joint Disclosure Statement hearing concurrently with the hearing on plan confirmation.

---

[4] LMREC points out that Debtors chose such deadlines in negotiating the Settlement Agreement

WHEREFORE, Legg Mason respectfully requests that this Court (i) deny Debtors' request schedule the Disclosure Statement Hearing and Plan Confirmation Hearing concurrently; (ii) enter a scheduling order that provides LMREC with sufficient time to conduct discovery prior to any confirmation hearing; and (iii) grant such other relief to which LMREC is justly entitled.

Respectfully submitted on this 2nd day of September 2009.

**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,**
A Professional Corporation

By: _/s/ Briana L. Cioni_

Peter C. D'Apice
State Bar No. 05377783
Cliff I. Taylor
State Bar No. 24042007
Briana L. Cioni
State Bar No. 24044161

2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689
Telephone: (214) 969-4900
Fax: (214) 969-4999

**Counsel for LMREC CDO II REO Inc.**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all persons listed below and on the parties listed on the service list attached hereto below via ECF and/or first class mail, postage prepaid on the 2nd day of September 2009.

Marjorie Payne Britt
Michael Catrett
Britt & Catrett, P.C.
4615 Southwest Freeway, Suite 500
Houston, TX  77027

Greens 126 LP
Oaks 198 LP
Trails 240 LP
8045 Antoine Drive #189
Houston, TX 77088

David W. Anderson
1415 N. Loop West, Suite 1020
Houston, TX  77008

Christine A March
Office of the US Trustee
515 Rusk St
Ste 3516
Houston, TX 77002

                 */s/ Briana L. Cioni*
                 Briana L. Cioni